The court at General Term say, " that the point so presented was not altogether free from doubt. The plaintiffs are, however, seized in fee of the interests which they claim to have derived from the children of Matilda Wilson, and their estate is subject to no existing life estate, although, if the trust is valid, it may be subject to a right of possession in the trustees for the purpose of continuing to execute the trust created by the will. Having such an estate they are, according to the views expressed by DENIO, Ch. J., in *Blakely* v. *Coldex* (15 N. Y., 625) (which, though not adopted as the opinions of the court, were strongly confirmed by the concurrence of three of the other judges of the court) entitled to be regarded as having sufficient legal possession to uphold their action for partition. (See *McGlone* v. *Goodwin*, 3 Daly, 185.) "

*H. C. Place*, for the appellants. *William J. Sayres*, for the respondents.

Opinion by DAVIS, P. J. BRADY and DANIELS, JJ., concurred.

Order affirmed.

---

## HORATIO N. DEVOL, RESPONDENT, v. DAVID BARNES, APPELLANT.

*Party in interest — Promissory note — holder of, when can sue.*

APPEAL from judgment in favor of the plaintiff, entered on the verdict of a jury.

This action was brought to recover the amount of a draft and four promissory notes made by the defendant. The draft was drawn by the defendant on the plaintiff, and was accepted by him. The answer set up payment of the draft, but no defense to it was made upon the trial. The notes were made by the defendant to other parties, and were indorsed by them before suit to the plaintiff. It appeared upon the trial that the notes were delivered to the plaintiff by the payees, under an arrangement, in substance, that he should go from New Albany, Indiana, to the city of New York, and collect the notes, and then account to the respective indorsers for the proceeds of the notes over and above their respective shares

of plaintiff's expenses and the expenses of collection. The defense relied upon was, that the plaintiff was not the real party in interest.

The court at General Term say: "The legal title of the claim sued upon is very clearly vested in the plaintiff. * * * The plaintiff received transfers of the notes, undertook their collection at his own risk, and his right to the expenses which he might incur in coming to New York and in collecting the notes depended upon his success. He was not at liberty under the arrangement to subject the former owners of the notes to any expense by bringing suits in their own names, but was to collect in his own name and account for the proceeds. This was the substance of the arrangement, and it gave him the legal title and perhaps it might be said to have made him a trustee under an express trust."

*George H. Foster*, for the appellant. *William Man*, for the respondent.

Opinion by Davis, P. J. Brady, and Daniels, JJ. concurred.

Judgment affirmed.

---

THOMAS F. SHARKEY, Respondent, *v.* JEAN G. TORRIL-
HON, Appellant.

*Practice — New trial — motion for on ground that verdict is against the weight of evidence — when granted on judge's minutes — Weight of evidence.*

Appeal from a judgment in favor of the plaintiff recovered on a verdict, and from an order denying a motion of the defendant for a new trial upon the minutes of the court, on the ground that the verdict of the jury was against the weight of evidence.

The action was brought to enforce the specific performance of a contract for the purchase of certain real estate, provided such performance could be · decreed; and otherwise for the recovery of damages for a breach of the contract. The jury found a verdict for the plaintiff, and assessed his damages at $7,000. Whereupon the defendant moved for a new trial upon the minutes, upon the ground that the verdict was against the weight of evidence. The motion was denied, and the defendant appealed.